JOURNAL ENTRY and OPINION
{¶ 1} Appellant C.L. ("mother") appeals from the juvenile court's order, which awarded permanent custody of her son, M.L., to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). Appellant assigns the following error for our review:
"Whether it is error for a trial court to conduct a permanent custodyhearing and order permanent custody in a case which previously had beendismissed without prejudice."
 {¶ 2} Having reviewed the record and pertinent law, we remand the matter for the trial court to correct the journal entry. The apposite facts follow.
 {¶ 3} On February 26, 2003, the CCDCFS filed a complaint in Case No. 03900544, alleging neglect and seeking permanent custody of M.L. (d.o.b. Feb. 22, 2003). On May 9, 2003, the child was adjudged neglected and dependent; the mother was given legal custody of the child, however, she was to be supervised by the CCDCFS.
 {¶ 4} On February 23, 2004, CCDCFS again received emergency custody of the child, which was continued on March 29, 2004. On April 13, 2004, the juvenile court entered an order in which it granted an oral motion by the CCDCFS to dismiss the complaint in Case No. 03900544 without prejudice. On July 14, 2004, the court granted permanent custody of the child to the CCDCFS. It is from this entry that the mother now appeals.
 {¶ 5} In her sole assigned error, the mother contends the juvenile court was without jurisdiction to enter the July 14, 2004 custody order because it had dismissed the complaint without prejudice on April 13, 2004.
 {¶ 6} Both parties contend that the trial court's July 14, 2004 order granting permanent custody to the CCDCFS is a void order because once the trial court dismissed the complaint without prejudice, the trial court was without jurisdiction to enter any further orders arising out of that complaint. They disagree only as to how the issue should be resolved. The mother argues the order should be vacated. The CCDCFS argues we have no jurisdiction over the appeal because a void order is not a final, appealable order.
 {¶ 7} Our independent review of the record, however, reveals that the July 14, 2004 order is not a void order, but instead, an order containing a clerical error.
 {¶ 8} The July 14, 2004 entry references a hearing that was conducted on July 8, 2004. Although the July 14, 2004 entry awarding permanent custody designates the case number as 039900544, the transcript cover page from the July 8, 2004 hearing reflects the hearing was for Case No. 04900341. The trial court also stated on the record that the hearing was for Case No. 04900341. Therefore, the July 14 entry that both parties' claim is void because the complaint in Case No. 03900544 was voluntary dismissed, is, in fact, unrelated to the dismissed complaint. Instead, it relates to the complaint relates to the complaint filed in Case No. 04900341.
 {¶ 9} Therefore, we conclude that the July 14, 2004 is not void, but contains a clerical error because it references the incorrect case number. Accordingly, we remand the matter to the juvenile court to correct the judgment entry so that it reflects the correct case number.[1] The mother's assigned error is overruled. Judgment remanded to the trial court for correction of the journal entry.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Juvenile Court Division of Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Kilbane, J., concur.
[1] Cf, In re Rough (Feb. 13, 1989) Cuyahoga App. No. CA88-05-069, CA88-06-090 (court dismissed a complaint then erroneously ordered disposition in the case by inadvertently using the wrong case number. Matter was remanded for the juvenile court to correct the journal entry to reflect the correct case number); In the Matter of Stone Children
(Dec. 31, 1990), 12th Dist. No. CA89-12-171 ("clerical errors in the designation of case numbers is not grounds for reversal.)